Ryan L. Eddings, Bar No. 256519
reddings@littler.com
Willie J. Mincey, Bar No. 314754
wmincey@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
Telephone: 559.244.7500
Fax No.: 559.244.7525

Attorneys for Defendant
BETTER HOLDCO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY WALLER BARNES,<br><br>Plaintiff,<br><br>v.<br><br>BETTER HOLDCO, INC. DBA BETTER.COM; VISHAL GARG; AND DOES 1 TO 100,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF STACEY WALLER BARNES:**

**PLEASE TAKE NOTICE** that Defendant BETTER HOLDCO, INC. ("Defendant"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of removal of this lawsuit from the Superior Court of the State of California, County of Contra Costa, to the United States District Court for the Northern District of California ("Notice of Removal"). In support of this Notice of Removal, Defendant respectfully submits to this Honorable Court the following information:

**I.    STATEMENT OF JURISDICTION**

1.    Removal is appropriate pursuant to 28 U.S.C. §§ 1332 and 1441 because this is a civil action in which Plaintiff and Defendants are citizens of different states and the amount in

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

1    NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332. Here, Plaintiff was a citizen of California at the time the Complaint was filed in the Contra Costa County Superior Court and is not currently a citizen of Delaware or New York. At the time the Plaintiff's Complaint was filed, and at the time of this Removal, neither defendant is a citizen of California. Defendant Better HoldCo, Inc. is a citizen of Delaware and New York and Defendant Vishal Garg, is a resident of New York. See concurrently filed Declaration of Dominique Lambert ("Lambert Decl."), at ¶ 2. Moreover, the amount in controversy exceeds $75,000 based on the facts and prayer for relief pleaded in Plaintiff's Complaint. As set forth herein, this case meets all the requirements for removal, is timely, and is properly removed by the filing of this Notice.

## II. STATE COURT ACTION

2. On or about May 5, 2023, Plaintiff filed this action in the Contra Costa County Superior Court, titled *Stacey Waller Barnes vs. Better HoldCo, Inc. DBA Better.com; Vishal Garg; and Does 1 to 100,* Case Number C23-01076, which is attached hereto as **Exhibit A**. The Complaint was served on Defendant on May 17, 2023. See concurrently-filed Declaration of Willie J. Mincey ("Mincey Decl.") at ¶ 2.

3. Plaintiff's Complaint purports to assert five causes of action against Defendant for: (i) wrongful termination in violation of public policy; (ii) discrimination in violation of California Government Code Section 12940(a) *et seq.*; (iii) failure to prevent discrimination in violation of California Government Code section 12940(k) *et seq.*; (iv) negligent infliction of emotional distress; and (v) unfair business practices in violation of California Business and Professions Code section 17200.

4. Defendant filed a General Denial and Affirmative Defenses to Plaintiff's Complaint on or about June 15, 2023. A true and correct copy of the General Denial and Affirmative Defenses to Plaintiff's Complaint is attached as **Exhibit B**.

## III. TIMELINESS OF NOTICE OF REMOVAL

5. An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of defendant receiving an "initial pleading setting forth the claim for relief upon which such action or

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

2

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

proceeding is based." 28 U.S.C. § 1446(b). Here, Plaintiff served the Complaint on May 17, 2023. Mincey Decl., at ¶ 2. Therefore, Defendant can remove this action up to June 16, 2023. See FED. R. CIV. P. 6(a) (explaining that the last day of the period shall be included, "but if the last day is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

**IV. VENUE**

6. Pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. §1441, venue is proper in the United States District Court for the Northern District of California insofar as Defendant conducts business within Contra Costa County, California, which is where Plaintiff was employed and where the instant action was originally filed. Contra Costa County is in the Northern District of California.

**V. NOTICE TO PLAINTIFF**

7. As required by 28. U.S.C. § 1446 (d), Defendant provided written notice of the filing of this Notice of Removal to Plaintiff, attached hereto as **Exhibit C**.

**VI. NOTICE TO SUPERIOR COURT**

8. Defendant also filed its Notice of Removal with the Clerk of the Contra Costa County Superior Court, attached hereto as **Exhibit D**.

**VII. FACTS AND LAW SUPPORTING DIVERSITY JURISDICITON**

9. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b). Specifically, this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff claims that she is entitled to an award in excess of $75,000 as result of Defendant's alleged conduct.

### A. Citizenship of Parties

10. Defendant is informed and believes that Plaintiff is a citizen and resident of the State of California. *See* Exh. A.

11. Defendant is a diverse citizen of a foreign jurisdiction. For diversity purposes,

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

"a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1). Defendant is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York. *See* Lambert Decl., at ¶ 2. Defendant Vishal Garg is a resident of New York. Id. Since Defendants are not citizens of California, this case meets the requirements for removal.

### B. Amount in Controversy

12. Where the Complaint leaves the amount in controversy unclear or ambiguous, the defendant has the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000. See Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997). This framework requires the removing defendant to establish that the plaintiff's total damages "more likely than not" exceed the jurisdictional amount. Sanchez v. Monumental Life Ins. Co., 102 F.3d 399 (9th Cir. 1996). In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 1001 (C.D. Cal. 2002). Economic damages, non-economic damages, general damages, attorneys' fees and costs, and punitive damages all are included in determining the amount in controversy. See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648 (9th Cir. 2016) (stating that compensatory and punitive damages are included in determining the amount in controversy).

13. Here, Defendant reasonably and in good faith believes that the amount in controversy exceeds the jurisdictional requirement of 28 U.S.C. § 1332(a). Should Plaintiff prevail on her claims under California's Fair Employment and Housing Act and wrongful termination in violation of public policy, Plaintiff could be entitled to recover the amount she would have earned up to the present date, including benefits or pay increases. *See* Wise v. Southern Pac. Co., 1 Cal.3d 600, 607 (1970). Plaintiff alleges that she was employed by Defendant from January 7, 2020, until December

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

4

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

2, 2021. Plaintiff alleges that she was terminated as a result of her disability of contracting COVID-19 from August 11, 2021, to October 11, 2021. *See* Exh. A, at 4-8. Plaintiff's last annual rate of pay was $95,000.00, which amounts to approximately $1,826.92 per week (annual salary divided by 52). *See* Lambert Decl., at ¶ 3. Plaintiff seeks compensatory damages including past, present, and prospective lost wages, employment benefits and medical expenses. *See* Exh., A at 3. As of the date of this Notice of Removal, it has been approximately 80 weeks since the Plaintiff's last paycheck with Defendant. Given Plaintiff's weekly rate of pay, Plaintiff alleges to have suffered at least $146,153.60 in damages in the form of lost income as of the date of this filing ($1,826.92 x 80 weeks), with the damages continuing through trial at a weekly rate of $1,826.92.

14. Plaintiff also seeks damages for mental and emotional distress. *See* Exh., A at 4-8. Plaintiff's claims for mental and emotional distress damages augment the foregoing amounts and demonstrates that the jurisdictional prerequisites for removal of this action are met. *See* Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (claims for pain, suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal). Although Defendant disputes that Plaintiff is entitled to any damages award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g.,* Swinton v. Potomac Corp., 270 F.3d 794 (9th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002) (award of $30,000); Dotson v. United States, 87 F.3d 682 (5th Cir. 1996) (award of $25,000). In Kroske v. U.S. Bank Corp., 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." Id. at 980. A similar inference is appropriate here, as Plaintiff expressly seeks damages for intentional infliction of emotional distress, including mental and physical pain from Defendant's alleged retaliation. Thus, based on Kroske and other analogous cases, the emotional distress component of Plaintiff's claims is likely to add at least $25,000 to the amount in controversy, if not more. The foregoing, when taken together with Plaintiff's claims for lost wages, punitive damages, and attorney's fees, establishes that Plaintiff's total damages

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

demand more likely than not exceeds the jurisdictional amount of $75,000.

15. Additionally, if Plaintiff were to prevail on her wrongful termination cause of action, she would be entitled to seek attorneys' fees. Attorneys' fees are also included in the amount in controversy calculation when the underlying claims permit recovery of attorneys' fees. Galt G/S, 142 F.3d at 1156. While Plaintiff's attorneys' fees cannot be calculated precisely, it is reasonable to assume that they could exceed a damages award. Simmons v. PCR Technology, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys' fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount in controversy analysis); Fritsch v. Swift Transportation Company of Arizona, LLC, 2018 WL 3748667, at *2 (9th Cir. 2018) (in deciding amount in controversy issue, court may estimate the amount of reasonable attorneys' fees like to be recovered by plaintiff if she were to prevail). Moreover, past cases indicate that the award of attorneys' fees alone could reach or exceed the jurisdictional amount of $75,000. *See* Mitchell v. GigOptix, LLC, H036131, at *30 (Cal. Ct. App. Nov. 29, 2011) (noting the trial court's attorneys fee award of $45,017.15, representing one-fourth of the total fees, for just the claims of unpaid wages, unpaid vacation, and unpaid meal breaks).

16. The amount in controversy includes punitive damages unless (1) punitive damages are not recoverable as a matter of state law, and (2) it is a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount. *See* Anthony v. Security Pac. Fin. Servs., 75 F.3d 311, 315 (7th Cir. 1996); St. Paul Reinsurance Co., Ltd. v. Greenberg (5th Cir. 1998) 134 F.3d 1250, 1253-1254. Here, Plaintiff alleges that she is entitled to punitive damages for Defendant's alleged misconduct but does not provide a total amount of the alleged punitive damages sought. *See* Exh. B, at 3. With respect to punitive damages, California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and a defendant's net worth. Boyle v. Lorimar Productions, Inc., 13 F.3d 1357 (9th Cir. 1994). Jury verdicts in disability discrimination cases in California reflect the likelihood that if Plaintiff prevails at trial, her damages would clearly exceed the $75,000 amount in controversy

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

6

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

threshold. *See e.g.,* Rivera, 2008 U.S. Dist. LEXIS 58610 at *10-11, *citing* Kolas v. Access Business Group LLC, 2008 WL 496470 (Los Angeles Super. Ct.) (jury awarded the plaintiff $200,000 in emotional distress damages for wrongful termination due to his age and an injury he incurred on the job); Lopez v. Bimbo Bakeries USA Inc., 2007 WL 4339112 (San Francisco Super. Ct.) (jury awarded the plaintiff $122,000 in emotional distress damages and $2,000,000 in punitive damages for wrongful termination, failure to prevent discrimination and failure to accommodate a pregnant employee who requested fifteen-minute breaks every two hours); Wysinger v. Automobile Club of Southern California, 2006 WL 397031 (Santa Barbara Super. Ct.) (awarding $1,000,000 in punitive damages to an employee terminated due to his age and disability). Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on her claims, the punitive damages alone could exceed the jurisdictional minimum.

17. While Defendant's position is that Plaintiff is not entitled to damages in any amount, the total amount in controversy appears to be, at a minimum, over $75,000 as of the date of this Notice of Removal. This sum is reflective of a potential amount in controversy of $144,326.68 in lost income, front-pay continuing at the weekly rate of $1,826.92, $25,000 in emotional distress damages, and a possible award of punitive damages as well as additional compensation continuing wages. Plaintiff's request for attorney's fees and the addition of any prejudgment and post-judgment interest make it more likely than not that the total amount in controversy exceeds the jurisdictional amount of $75,000. Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because this is a civil action between citizens of different states.

18. WHEREFORE, pursuant to 28. U.S.C. §1332, 1441, and 1446, Defendant removes this case from Superior Court of the State of California, County of Contra Costa, to United State Court for the Northern District of California.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

7

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Dated: June 15, 2023

LITTLER MENDELSON, P.C.

_____
Ryan L. Eddings
Willie J. Mincey

Attorneys for Defendant
BETTER HOLDCO, INC.

4895-6634-5318.1 / 111203-1000

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

8

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT