Richard L. Richardson SBN: 250676
Siegal & Richardson LLP
436 14th Street, Suite 1106
Oakland, California 94612
Tel: 510.271.6723
Facsimile: 510.500.9512
richard@rrichardsonlaw.com

Attorney for Plaintiff
Stacey Waller Barnes

Ryan L. Eddings
reddings@littler.com
Willie J. Mincey, Bar No. 314754
wmincey@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California  93704.2225
Telephone:    559.244.7500
Fax No.:       559.244.7525

Attorneys for Defendant
BETTER HOLDCO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY WALLER BARNES,<br><br>    Plaintiff,<br><br>    v.<br><br>BETTER HOLDCO, INC., DBA BETTER.COM; VISHAL GARG; AND DOES 1 to 100,<br><br>    Defendants. | Case No. 3:23-cv-02978<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:    October 26, 2023<br>Time:    10:00 a.m.<br>Judge:   Hon. Araceli Martinez-Olguin |

The parties in the above-entitled action jointly submit this Case Management Conference Statement.

1.  **JURISDICTION AND SERVICE**

Defendants allege that this Court has diversity jurisdiction pursuant to 28 U.S.C. §§1332 and 1441 (diversity of citizenship jurisdiction), in that Plaintiff and Defendants are citizens of different

4887-7311-7320.1 / 111203-1009

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT 3:23-CV-02978

states and the amount in controversy exceed $75,000 exclusive of interests and costs. Discovery has not commenced in this matter but Plaintiff suspects that discovery may lead to jurisdiction and venue issues in the following ways: (a) Plaintiff suspects that complete diversity does not exist. On information and belief, Plaintiff believes that Defendant Garg, the CEO, may have lived and worked in California. (b) Defendants assert that Plaintiff signed a binding arbitration agreement that applies to all claims in this matter.

**2.   FACTS**

  **A.   Brief Chronology of Facts**

This case arises out of employment relationship between the parties. Plaintiff alleges that she was employed by Defendant Better Holdings from January 7, 2020, until December 2, 2021 as a loan underwriter. Plaintiff was terminated as a result of her disability of contracting COVID-19 from August 11, 2021, to October 11, 2021. Additionally, on or about December 2, 2021, Defendant's Chief Operating Officer gave a highly publicized statement accusing all 900 persons laid off at the same time as Plaintiff of being lazy, refusing to work, and fraudulently stealing from the company. These statements caused Plaintiff to lose career opportunities and viable job offers.

Based upon these facts, Plaintiff's Complaint asserts five causes of action against Defendant for: (i) wrongful termination in violation of public policy; (ii) discrimination in violation of California Government Code Section 12940(a) et seq.; (iii) failure to prevent discrimination in violation of California Government Code section 12940(k) et seq.; (iv) negligent infliction of emotional distress; and (v) unfair business practices in violation of California Business and Professions Code section 17200.

Defendant denies these allegations, as put forth in Defendant's General Denial and Affirmative Defenses.

  **B.   Principal Factual Issues in Dispute**

  (1) Reason for terminating Plaintiff;

  (2) Whether negative employment actions taken against Plaintiff were based upon discrimination;

  (3) The nature and extent of Plaintiffs' incident-related injuries.

### 3. LEGAL ISSUES

Plaintiff alleges various legal claims, including:

(i) wrongful termination in violation of public policy;

(ii) discrimination in violation of California Government Code Section 12940(a) et seq.;

(iii) failure to prevent discrimination in violation of California Government Code section 12940(k) et seq.;

(iv) negligent infliction of emotional distress; and

(v) unfair business practices in violation of California Business and Professions Code section 17200.

### 4. MOTIONS

The parties anticipate Defendant's motion to enforce an arbitration agreement. Defendant may file discovery motions, as needed; summary judgment on some or all of Plaintiff's claims; appropriate pretrial motions, including without limitations motions in limine; and motion to bifurcate the liability and punitive damages phases of the trial if any.

Plaintiff suspects that this matter may become ripe for a motion to remand the case to State court based upon the lack of diversity among the parties.

### 5. AMENDMENT OF THE PLEADINGS

None anticipated at this time.

### 6. EVIDENCE PRESERVATION

The parties have taken all steps necessary to preserve evidence relevant to the issues reasonably evident in this action.

### 7. DISCLOSURES

The parties agree to serve their Rule 26 Initial Disclosures no later than November 17, 2023.

### 8. DISCOVERY

(1) No discovery taken to-date;

(2) The parties do not propose any limitations or modifications to the FRCP discovery rules;

(3) In addition to written discovery, the parties will take party and any witness depositions.

4887-7311-7320.1 / 111203-1009

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302

3

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT 3:23-CV-02978

1    The parties will also conduct expert discovery. They plan to offer expert testimony on following subject matter(s): the employment practices and policies of Defendant Better.com;

(4) The parties agree that a protective order will be necessary in this matter to ensure, inter alia, that confidential documents and communications are accorded sufficient protection to balance the need for disclosure in the present matter, but to safeguard against the risk of being unintentionally disseminated and/or disclosed to non-parties. The parties will meet and confer regarding the terms for a proposed stipulated protective order and submit a form or protective order to the Court for its review and approval.

(5) Defendant will be producing ESI in .pdf format. The parties have generally agreed to narrowly tailor the discovery requests seeking ESI so that the requests are reasonably targeted at obtaining discoverable evidence without imposing undue or unnecessary burden. Plaintiff does not anticipate producing much, if any, ESI discovery.

**9.    CLASS ACTION**

This case is not a class action.

**10.   RELATED CASES**

None.

**11.   RELIEF**

Plaintiff seeks monetary relief, including attorneys' fees if they recover on an attorney-fee claim. Plaintiff seeks exemplary damages from the corporate and individual defendant.

Defendant denies that Plaintiff is entitled to any relief whatsoever. Defendant prays for judgment including: (1) Plaintiff takes nothing by the way of the Complaint on file; (2) that judgment be awarded in favor of the Defendant; (3) that Plaintiff's Complaint be dismissed with prejudice in its entirety as to Defendant; (4) that Defendant be awarded all costs of suit incurred by it in this action; (5) that Defendant be awarded Defendant's reasonable attorney's fees; and (6) for such other and further relief as the Court may deem just and proper.

**12.   SETTLEMENT AND ADR**

Plaintiff is amendable to court mediation and/or a settlement conference.

Defendant asserts that Plaintiff signed a binding arbitration agreement that applies to some, or

all claims in this matter, thus this matter should be referred to arbitration.

**13.  CONSENT TO A MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendants do not consent to magistrate jurisdiction.

**14.  OTHER REFERENCES**

Defendants allege that this case should be referred to binding arbitration based upon an agreement between the parties. Plaintiff's counsel had not yet seen or reviewed the basis of Defendant's allegation.

**15.  NARROWING OF ISSUES**

The parties are presently unaware of any issues that can be narrowed by agreement; nor suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts); or any request to bifurcate issues, claims, or defenses. They request that this issue be revisited at a further case management conference.

**16.  EXPEDITED SCHEDULE**

The present matter is not the type of case that can be handled on an expedited basis with streamlined procedures.

**17.  SCHEDULING**

The parties propose the following scheduling order:

Deadline to Amend Pleadings w/out Leave: November 30, 2023

Fact Discovery Cut-off: July 30, 2024

Designation of Expert Witnesses: August 30, 2024

Designation of Rebuttal Expert Witnesses: September 20, 2024

Expert Discovery Cut-off: October 21, 2024

Last Date to Hear Dispositive Motion Hearing: November 4, 2024

Pretrial Conference: January 10, 2025

Trial (subject to Court's availability)

**18.  TRIAL**

All parties demand a jury trial. A 3-5 day trial is estimated.

**19. DISCLOSURE OF NON-PARTY INTEREST OR ENTITIES**

Defendant filed it Corporate Disclosure Statement and Notice of Interest Parties as the time of Removal to this Court.

**20. PROFESSIONAL CONDUCT**

All attorneys of record certify they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER.**

None at this time.

Dated: October 19, 2023

SIEGAL & RICHARDSON

By: /s/ Richard L. Richardson
Richard L. Richardson

Attorneys for Plaintiff
STACEY WALLER BARNES

Dated: October 19, 2023

LITTLER MENDELSON, P.C.

By: /s/ Willie J. Mincey
Ryan L. Eddings
Willie J. Mincey

Attorneys for Defendant
BETTER HOLDCO, INC.

4887-7311-7320.1 / 111203-1009